Bright v. Curry.

(No. 360655—Decided April 30, 1973.)

Franklin County Municipal Court.

Mr. Walter W. Grelle, for plaintiff.

Mr. Frank Ray, assistant prosecuting attorney, for defendant.

FAIS, C. J.  The plaintiff herein filed his complaint requesting that the Registrar of the Bureau of Motor Vehicles for the state of Ohio be restrained from revoking or setting aside the plaintiff's drivers license by virtue of R. C. 4511.191 (D).  When the plaintiff filed his complaint he requested that the matter be tried to a jury of twelve persons.

The question to be resolved by the court is the plaintiff's request for a trial by jury under the provisions of R. C. 4511.191 (D), and the court finds there has been no previously reported decision on such a request by the courts of Ohio.

The right of trial by jury is granted in certain instances by Section 5, Article I of the Ohio Constitution, and in addition, there are statutes which grant the right of trial by jury to persons.  The provision of the Ohio Constitution which relates to the subject in question is as follows:

"The right of trial by jury shall be inviolate, except

that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.''

Rule 38(A) of the Ohio Rules of Civil Procedure must be considered:

''The right to trial by jury shall be preserved to the parties inviolate.''

McCormac Civil Rules Practice at page 297, Section 12.06, comments on the effect of the Rules on the right to a jury trial:

''The right to trial by jury is not affected by the Civil Rules. Reference should be made to the Ohio Constitution, applicable statutes, and judicial decisions to determine whether a particular issue is triable by the court or a jury.''

In 32 Ohio Jurisprudence 2d 593, Jury, Section 9, it is stated:

''The right to a jury trial is a substantial right, and does not involve merely a question of procedure. It has been said that this right is a constitutional one, secured to parties litigant, to have a controversy decided by a jury, where that controversy is in a court of law; but this is not completely accurate, since the right to a jury trial may be also granted by statute in cases to which the constitutional guaranties do not extend.

''The right to a trial by jury is not defined or described in the Ohio Constitution, but is spoken of as something already sufficiently understood, and referred to as a matter already familiar to the public mind. The right to a jury trial has been held to be the right of a party to have the weight and sufficiency of his evidence passed upon by a jury.''

In *Mason* v. *State, ex rel. McCoy* (1898), 58 Ohio St. 30, 55, it is said:

''* * * Our Constitution declares that the right of trial by jury shall be inviolate. This means the right as it existed in this state at the adoption of the Constitution of 1802. Not that every question of fact was to be tried by a jury; only questions of fact in certain classes of cases. The distinctions indicated by our statutes, and by practice from the organization of the state, show this.''

Our Supreme Court had an occasion to speak again respecting Section 5, Article I of the Ohio Constitution in the case of *Keller* v. *Stark Electric Railway Co.* (1921), 102 Ohio St. 114, and the court observed, at page 116:

"It will be observed that this provision does not guarantee that every case shall be tried by a jury, but confines itself to the declaration that the *right* to trial by jury shall be inviolate. What right? Not a right as defined by the constitution, for a search there discloses no definition of such right. McIlvaine, J., in the case of *Dunn & Witt* v. *Kanmacher & Stark*, 26 Ohio St., 497, has defined it as 'The right * * * as it was recognized by the common law.' "

It is consistently stated that the constitutional provision does not guarantee a new right, but merely preserves an existing one. This interpretation neither extends or modifies the right. The Constitution may be amended to alter the right to a jury trial, and it is the prerogative of the Legislature to increase the incidence of the right.

Neither is the constitutional provision "self-executing," and since statutory enactments are necessary, statutes must be consulted for the method of providing juries. See 32 Ohio Jurisprudence 2d 595, Section 10.

Under R. C. 4511.191 a "hearing" is provided before "the court," and there is no mention of a trial by jury. The statute reads in part as follows:

"(F) * * * The scope of *such hearing* shall be limited to the issues of whether a police officer had reasonable ground to believe the person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, whether the person was placed under arrest, whether he refused to submit to the test upon request of the officer, and whether he was advised of the consequences of his refusal.

"(G) * * *

"*In hearing the matter* and determining whether such person has shown error in the action taken by the registrar of motor vehicles under division (D) of this section, *the court shall decide such issue* upon the registrar's certified affidavit and such additional relevant, competent, and ma-

terial evidence as either the registrar or the person whose license is sought to be suspended submits.
" * * *

"*If the court finds* from the evidence submitted that such person has failed to show error in the action taken by the registrar of motor vehicles under division (D) * * * *If the court finds* that such person has shown error in the action taken by the registrar of motor vehicles under division (D) * * *. (Emphasis added.)

R. C. 4511.191 clearly indicates that the proceeding contemplated is in the nature of a "hearing" before *the court*. The word "hearing" denotes a measure of informality, a review of an administrative order, and a judgment to be rendered upon the issue of refusal or non-refusal of the complainant to submit to the alcoholic influence test. Relevant, competent and material evidence, submitted by both parties, shall form the basis for the decision by the court..

The use of the word "court" is intended to indicate the court alone is the finder of the issues. There is no mention of a trial by jury, and the word "court" is used three times as the determinator of the facts. There is no other way to read or interpret this statute. The wording is clear and unambiguous. It provides for a procedure and a judicial determination without a jury trial. Had the Legislature intended to submit the issues to a jury, it would have so stated. But, the legislative intent is to hold such a hearing before the court without a jury, and this court cannot expand or go beyond the provisions of the statute.

Wherefore, the plaintiff's request for a trial by jury under R. C. 4511.191 must be, and hereby is, denied.

Exceptions are noted on behalf of the plaintiff.

*Request denied.*